UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

MARTIN ALEXANDER MOLINA
PULIDO,                                                                            Petitioner,

v.                                                          Civil Action No. 4:26-cv-158-DJH

SAMUEL OLSON, Field Office Director,
Chicago Field Office, Immigration and
Customs Enforcement et al.,                                          Respondents.[1]

* * * * *

### MEMORANDUM AND ORDER

Petitioner Martin Alexander Molina Pulido, a noncitizen resident of Indiana currently

detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal

proceedings.  He alleges that his detention by immigration authorities violates the Immigration

and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The

parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see*

D.N. 7), and they have submitted briefing setting out their respective legal arguments (D.N. 10;

D.N. 11).  After careful consideration, the Court will grant Molina Pulido's petition for the reasons

explained below.

**I.**

Molina Pulido is a native and citizen of Nicaragua.  (D.N. 1, PageID.9 ¶ 40; D.N. 10-1,

PageID.134)  On July 29, 2012, Molina Pulido was "arrested by the United States Border Patrol

near Laredo, Texas[,] as an unaccompanied juvenile and transferred to the custody of the Office of

---

[1] The petition names Kristi Noem as the Secretary of the Department of Homeland Security. (Docket No. 1, PageID.4 ¶ 18)  Pursuant to Federal Rule of Civil Procedure 25(d), the current Secretary, Markwayne Mullin, has been automatically substituted as the respondent.  The Court will order that the docket be modified accordingly.

Refugee Resettlement." (D.N. 10-1, PageID.135–36)  On October 25, 2012, an immigration judge granted Molina Pulido voluntary departure, and he voluntarily departed for Nicaragua on November 27, 2012.  (*Id.*, PageID.136)  On November 23, 2020, U.S. Border Patrol authorities arrested Molina Pulido near El Paso, Texas, "as part of a family unit."  (*Id.*)  He was "processed as an Expedited Removal with Credible Fear," and a positive-fear determination for asylum was issued on November 24, 2020.  (*Id.*)  On December 10, 2020, Molina Pulido was placed in removal proceedings via a Notice to Appear and was paroled into the United States.[2]  (*Id.*)

On June 27, 2025, an immigration judge ordered Molina Pulido to be removed to Nicaragua and denied his application for asylum and withholding of removal.  (*Id.*)  On August 21, 2025, Molina Pulido "filed a [m]otion to [a]ccept [u]ntimely [f]iling of [his] Notice of Appeal" of the June 27, 2025 decision.[3]  (*Id.*)  On October 12, 2025, Indiana law enforcement arrested Molina Pulido for criminal trespass.  (*Id.*)  He was released on an order of recognizance pending that charge.  (*Id.*, PageID.135)  The next day, Molina Pulido was transferred to U.S. Immigration and Customs Enforcement (ICE) authorities pursuant to an ICE detainer lodged with the Marion County, Indiana Sheriff's Office.  (*Id.*)  He remains detained at the Daviess County Detention Center in Owensboro, Kentucky.  (D.N. 1, PageID.9 ¶ 42; D.N. 10, PageID.119)  On or about March 9, 2026, "the immigration court with custody over inmates detained in Daviess County announced . . . that the court would not grant bond to any detainee [on the ground that] . . . the court lacked jurisdiction to grant bond."  (D.N. 1, PageID.9 ¶ 44)

Molina Pulido seeks a writ of habeas corpus against Chicago ICE Field Office Director Samuel Olson, Acting Director of ICE Todd Lyons, the Department of Homeland Security

---

[2] The Notice to Appear is not included in the record.  The record also does not indicate when or whether Molina Pulido's parole expired.  (*See generally* D.N. 1; D.N. 10; D.N. 11)

[3] The immigration judge's decision is not "executed while an appeal is pending or while a case is before the Board by way of certification."  8 C.F.R. § 1003.6(a).

Secretary, the U.S. Attorney General, and Daviess County Jailer Arthur Maglinger. (*Id.*, PageID.4–5 ¶¶ 16–19, 22)  Molina Pulido alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; a class-action judgment out of the Central District of California of which he claims to be a member; and due process under the Fifth Amendment.  (*See id.*, PageID.2 ¶¶ 1–5; *id.*, PageID.10 ¶¶ 48–54)  Molina Pulido asks the Court to order his immediate release. (*See id.*, PageID.2 ¶ 6)  Respondents argue that (1) Molina Pulido is properly detained under § 1225(b)(2) as an applicant for admission who is seeking admission; (2) Respondents' "reading of Section 1225(b)(2) does not render Section 1226(c) superfluous"; (3)  the class-action judgment is neither binding nor applicable here; (4) Molina Pulido's detention does not violate due process because he "was afforded all the process he was due" under § 1225; and (5) Molina Pulido's "remedy is detention," rather than immediate release, "until a bond proceeding is adjudicated."[4] (*See* D.N. 10, PageID.119–32; D.N. 10-2, PageID.170, 172)

## II.

### A.    **Immigration and Nationality Act**

Molina Pulido asserts that mandatory detention under 8 U.S.C. § 1225 is "inapplicable to [noncitizens like him] who have been residing within the United States for some time" and that § 1226 instead applies and entitles him to a bond hearing.  (D.N. 1, PageID.8 ¶ 38)  Respondents argue that § 1225(b)(2) governs Molina Pulido's detention, incorporating by reference arguments

---

[4] Respondents do not contest that the Court has jurisdiction to review Molina Pulido's petition (*see* D.N. 10-2, PageID.154).  *See Lopez v. Olson*, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025) ("[Section 28 U.S.C. § 2241] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Molina Pulido must exhaust administrative remedies. (D.N. 10-2, PageID.168 n.4)  Therefore, the Court will not address these issues.

from the appellants' brief in *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025), *appeal docketed*, No. 25-1965 (6th Cir. Oct. 27, 2025). (*See generally* D.N. 10-2)

Respondents' arguments are nearly identical to those made in *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025). The Court thus summarizes and incorporates by reference its reasoning and determination from that decision. There, the Court found that the petitioner was an applicant for admission as an "alien present in the United States who ha[d] not been admitted," *id.* at *5 (quoting § 1225(a)(1)), but that he was not "seeking admission" because he resided in the United States at the time of his arrest. *See id.* at *5, *7. Likewise, Molina Pulido is an applicant for admission because he is an "alien present in the United States who has not been admitted," § 1225(a)(1) (*see* D.N. 10-1, PageID.135 (designating Molina Pulido as "ALIEN PRESENT WITHOUT ADMISSION")), but he is not "seeking admission" under § 1225(b)(2)(A) because he lived in the United States when immigration authorities took him into custody (*see id.*). *See Alonso*, 2025 WL 3083920, at *6. "[T]he category of applicants for admission covered by § 1225(b)(2) who are 'seeking admission' is meant to refer to those who are presenting themselves at the border, or who were recently apprehended just after entering." *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025). Molina Pulido was arrested in the interior of the United States and thus does not fall within that category. *See Alonso*, 2025 WL 3083920, at *6.

Respondents additionally argue that their position "does not render Section 1226(c) superfluous." (D.N. 10-2, PageID.188) They claim that "[a]lthough Section 1226(c) and Section 1225(b)(2) overlap for some aliens, each provision has independent effect." (*Id.*, PageID.187) As the Court explained in *Alonso*, the recent amendment to § 1226, codified in § 1226(c)(1)(E), "applies to noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A) and

4

who have been charged with, arrested for, or convicted of 'burglary, theft, larceny, shoplifting, or assault of a law enforcement officer . . . , or any crime that results in death or serious bodily injury to another person.'" 2025 WL 3083920 at *6 (quoting § 1226(c)(1)(E)(ii)). "Considering that § 1182(a)(6)(A)(i) specifically refers to aliens 'present in the United States without being admitted or paroled,' and that § 1226(c)(1)(E) requires detention without bond of these individuals if they have also committed a felony, the recently created statutory exception would be redundant if § 1225(b)(2) authorized their detention as well." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sep. 9, 2025) (citation omitted). Thus, despite overlap between § 1225(b) and § 1226(c) regarding noncitizens who have not been admitted or paroled, Respondents' reading of § 1225 would render § 1226(c) superfluous. *See id.* ("[B]ecause an alien present in the United States without admittance would be unlikely to prove that they are 'clearly and beyond a doubt entitled to be admitted [under § 1225(b)(2)(A)],' ICE would never need to rely on § 1226(c)(1)(E) to detain them." (citations omitted)); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432, at *5 (E.D. Pa. Dec. 18, 2025) ("[T]hese recent amendments drive home the conclusion that Congress never intended § 1225(b)(2)(A) to apply to noncitizens who have been permitted to come into [the United States], on parole or otherwise, and have been residing in this country for years.").

Respondents also maintain that their position is supported by the Supreme Court's opinion in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). (*See* D.N. 10-2, PageID.194–96) *Jennings* considered whether §§ 1225(b), 1226(a), and 1226(c) require providing periodic bond hearings to noncitizens detained under those provisions. *See* 583 U.S. at 286, 291. As Respondents note, "the Supreme Court [in *Jennings*] did not rule on whether non-admitted or inadmissible aliens fell within Section 1226(a) as opposed to Section 1225(b)(2)(A)." (D.N. 10-2, PageID.196) Whether

5

Respondents' position is consistent with *Jennings* is thus not dispositive here.  In any event, *Jennings* stated that "§ 1226 applies to aliens already present in the United States[, and §] 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings."  583 U.S. at 303.  The opinion also described § 1225(b)(1) and (b)(2) as "authoriz[ing] the [g]overnment to detain certain aliens *seeking admission* into the [United States]."  *Id.* at 289 (emphasis added).  Thus, the Court's reading of the relevant statutes is consistent with *Jennings*.

In accordance with its prior decisions addressing the same issue, the Court concludes that Molina Pulido is detained under § 1226(a), not § 1225(b)(2), and is thus entitled to a bond hearing. *See Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *5 (W.D. Ky. Nov. 26, 2025); *Lopez*, 2025 WL 3217036, at *3; *Alonso*, 2025 WL 3083920, at *8.

**B.     Class-Action Judgment**

Molina Pulido asserts that the Court should grant his petition on the ground that he is a member of a class certified in the Central District of California eligible for nationwide, declaratory relief against mandatory detention.  (*See* D.N. 1, PageID.2 ¶¶ 1–5)  Respondents argue that the class-action judgment is neither binding nor applicable here.  (*See* D.N. 10, PageID.121–30)

Recently, final judgment was entered for a class defined as

[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713982, at *1 (C.D. Cal. Dec. 18, 2025), *appeal filed*, No. 25-7958 (9th Cir. Dec. 19, 2025).  The final judgment "(1) declared that the Department of Homeland Security['s] . . . new policy of deeming noncitizens arrested in the

United States and charged with being inadmissible as 'applicant[s] for admission' subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) conflicted with the text of the Immigration [and] Nationality Act . . . and (2) vacated that policy under the Administrative Procedure Act." *Ore Falcon v. Wofford*, No. 1:26-cv-00181-WBS-EFB, 2026 WL 171927, at *1 (E.D. Cal. Jan. 22, 2026); *see Bautista*, 2025 WL 3713982, at *3–4. This Court and others have found it "'not necessary . . . to adopt the position of the Central District of California' and have instead reviewed habeas petitions 'on the[ir] independent merits.'" *Coronel-Hernandez v. Woosley*, No. 4:26-cv-20-DJH, 2026 WL 227011, at *4 (W.D. Ky. Jan. 28, 2026) (omission and alteration in original) (quoting *Rodriguez v. Noem*, No. 4:25-cv-176-RGJ, 2026 WL 116412, at *9 n.8 (W.D. Ky. Jan. 15, 2026)); *e.g.*, *Meza v. Lewis*, No. 4:25-cv-171-RGJ, 2026 WL 92102, at *10 n.8 (W.D. Ky. Jan. 13, 2026) (taking the same approach). Accordingly, the Court will "'rest[] its decision' on the merits of" the habeas petition here. *Coronel-Hernandez*, 2026 WL 227011, at *4 (alteration in original) (quoting *Rodriguez*, 2026 WL 116412, at *9 n.8).

## C.    Due Process

Molina Pulido asserts that his detention without a bond hearing violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.10 ¶¶ 50–54) Respondents argue that "Section 1225(b)(2) does not afford [Molina Pulido] the ability to obtain release on bond, and so the Due Process Clause does not either." (D.N. 10-2, PageID.197) Because Molina Pulido is detained under § 1226(a), not § 1225(b)(2), Respondents' argument as to the due process required by § 1225(b)(2) is futile. *Singh*, 2025 WL 3298080, at *5.

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam)

(citation omitted).  To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso*, 2025 WL 3083920, at *8 (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025)).  Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Molina Pulido "has a significant private interest in not being detained." *Id.*; *see Singh*, 2025 WL 3298080, at *6; *Alonso*, 2025 WL 3083920, at *9.  Moreover, "the risk of erroneously depriving [Molina Pulido] of his freedom is high if the [immigration judge] fails to assess his risk of flight and dangerousness." *Lopez-Campos*, 797 F. Supp. 3d at 785; *see* 8 C.F.R. § 1236.1(c)(8), (d)(1). Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Barrera*, 2025 WL 2690565, at *7 (citation omitted).  But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite*, 808 F. Supp. 3d at 493.  Thus, because all three *Mathews* factors weigh in Molina Pulido's favor, the Court concludes that his detention violates due process. *See Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7.

**D.      Release as a Remedy**

Respondents additionally argue that instead of immediate release, "[Molina Pulido's] remedy is detention until a bond proceeding is adjudicated." (D.N. 10, PageID.130)  Respondents contend that "§ 1226 does not provide for immediate release." (*Id.*)  Molina Pulido maintains that he should be immediately released. (*See* D.N. 11, PageID.207)  The Court previously rejected an argument similar to Respondents' and has ordered release of petitioners whose detention without a bond hearing violates due process.  *See Singh*, 2025 WL 3298080, at *6; *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *4–5 (W.D. Ky. Nov. 20, 2025).  Indeed, "[h]abeas has traditionally been a means to secure *release* from unlawful detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020).  Accordingly, the Court will order Molina Pulido's release.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)      Molina Pulido's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Molina Pulido, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **April 7, 2026**.

9

(2)     The Clerk of Court is **DIRECTED** to substitute Markwayne Mullin, Secretary of

the Department of Homeland Security, as a respondent in the record of this matter.

(3)     Upon receipt of the notice of compliance, this matter will be **CLOSED**.

April 6, 2026

**David J. Hale, Chief Judge**
**United States District Court**

10